# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

TK HOLDINGS INC., *et al.*,

Debtors.

REORGANIZED TK HOLDINGS TRUST,

Plaintiff,

v.

ARC AUTOMOTIVE, INC.,

Defendant.

Case No. 17-11375-BLS

Chapter 11

Adv. Proc. No. 19-50266-BLS

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 45, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9016, Defendant ARC Automotive, Inc., by and through its attorneys, will cause the attached subpoena to be served on Element Materials Technology, Ltd.

Dated: January 21, 2020

THE BIFFERATO FIRM
*/s/ Ian Connor Bifferato*
Ian Connor Bifferato (DE 3273)
1007 N. Orange St., 4th Floor
Wilmington, DE 19801
(302) 225-7600
cbifferato@tbf.legal

FOLEY & LARDNER LLP
Vanessa L. Miller (P67794)
John A. Simon (P61866)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100
vmiller@foley.com
jsimon@foley.com

*Attorneys for Defendant*

4821-4300-4850.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____Delaware_____

In re **TK Holdings, Inc., et al.**
Debtor

*(Complete if issued in an adversary proceeding)*

**Reorganized TK Holdings Trust**
Plaintiff

v.

**ARC Automotive, Inc.**
Defendant

Case No. **17-11375-BLS**

Chapter **11**

Adv. Proc. No. **19-50266-BLS**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Element Materials Technology Wixom Inc. c/o Corporation Co., 40600 Ann Arbor Rd E STE 201, Plymouth, MI 48170**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Addendum**

| PLACE | DATE AND TIME |
|---|---|
| 500 Woodward Avenue, Suite 2700, Detroit, MI 48226-3489 | 02/04/20    9:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **01/21/20**

CLERK OF COURT

OR

_____                              _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **ARC Automotive, Inc.**, who issues or requests this subpoena, are:
Ian Connor Bifferato, 1007 North Orange Street, 4th Floor, Wilmington, DE 19801, cbifferato@tbf.legal, (302) 225-7600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ADDENDUM**

**DEFINITIONS**

For purposes of these discovery requests, the following definitions shall apply:

1. "**Document**" is used in its broadest sense and refers to all written or graphic matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, in actual or constructive possession, custody or control of defendants, including, but not limited to, letters, emails, text messages, electronically stored information, correspondence, social media comments or messages, articles, facsimiles, memoranda, notes, films, transcriptions, contracts, agreements, debit memos, invoices, purchase orders, purchase order confirmations, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, financial statements, ledgers, books on account, proposals, offers, orders, receipts, working papers, calendars, appointment books, diaries, time sheets, logs, movies, tapes of visual or audio reproduction, recordings or material similar to any of the foregoing, and including writings, drawings, graphs, charts, photographs, electronic mail, phonograph records and data processing results, printouts and computations (both in existence and stored in memory components) and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" shall also include all copies of each document if the copies contain additional writing or are not identical copies of the original.

2. "**Communication**" is used in its broadest sense and refers to all internal communications, communications with the parties to this matter, and/or communications with

third parties regarding the relevant subject matter, documents, and/or referring to the subject matter contained in the documents.

3. "**Plaintiff**" or "**Takata**" shall mean and refer to Reorganized TK Holdings Trust, TK Holdings, Inc. and Takata Corporation and any of their parent companies, subsidiaries, successors, and/or affiliates.

4. "**Defendant**" or "**ARC**" shall mean and refer to ARC Automotive, Inc. ("ARC") and any of its parent companies, subsidiaries, and/or affiliates.

5. "**SIAB Inflators**" shall mean and refer to the side impact airbag inflators with fractured studs manufactured by ARC at the request of Takata.

6. "**Element**" shall mean and refer to Element Materials Technology Wixom Inc. ("Element") and any of its parent companies, subsidiaries, and/or affiliates.

7. "**Acuren**" shall mean Acuren Inspection, Inc.

8. "**Acuren's Report**" shall mean any and all reports created by Acuren at the request of ARC regarding the SIAB inflators.

## INSTRUCTIONS

1. Each response to a discovery request shall identify the number of the request and, if relevant, any sub-part being responded to.

2. Each discovery request is intended to be a continuing request and it is demanded that, in the event that, at a later date you obtain any additional facts or form any conclusions, opinions or intentions different from those set forth in your answers, you shall amend your answers to these discovery requests promptly and sufficiently in advance of any trial to set forth such facts, conclusions, opinions or intentions.

3. If you know of the existence, past or present, of any document described in any request for production but are unable to produce such document because it is not presently in your

possession, custody or control, you shall so state and shall identify such document in response to the request for production in question. Further, you shall:

    i. Specify the nature of the document (such as, for example, a letter, telegram, memorandum, etc.).

    ii. State the date, if any, appearing on the document or, if none, the date that such document was prepared.

    iii. Identify each person, if any, who was an addressee thereof, whether or not the name of such person appears on the document.

    iv. State whether the document is still in existence.

    v. Identify each person who presently has possession, custody or control of the document.

    vi. Identify each person who has read or examined all or any portion of the document.

    vii. State the reason or reasons for the preparation of the document.

    viii. State the location or locations where the document was prepared.

    ix. If the document was at any time transmitted by one person to another, state their names and the location of the person transmitting the document at the time of transmittal and the location of the person receiving same at the time of receipt.

    x. Describe in general the subject matter of the document.

4. If any document responsive to the request has been lost, mutilated or destroyed state and identify each such document.

5. If any document is withheld under a claim of privilege, please identify the withheld document by date, author, addressee and type of document (e.g., letter, memorandum, etc.) and state the privilege which you contend is applicable.

6. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and in similar fashion, the use of the masculine form of a pronoun shall be construed to also include within its meaning

the feminine form of the pronoun, and vice versa; and in a similar fashion, the use of any tense of a verb shall be construed to also include within its meaning all other tenses of the verb so used.

7.Unless otherwise specified, the period covered by these discovery requests shall be the period from January 1, 2014 to present.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Produce all documents Takata provided to Element discussing, demonstrating, evidencing, analyzing, or regarding the SIAB inflators, including but not limited to, notes, photos, testing documents and results, draft reports, reports, root cause analyses, recommendations, and payment.

**RESPONSE TO REQUEST NO. 1:**




**DOCUMENT REQUEST NO. 2:**

Produce all documents created by Element discussing, demonstrating, evidencing, analyzing, or regarding the SIAB inflators, including but not limited to, notes, photos, testing documents and results, draft reports, reports, root cause analyses, recommendations, and payment.

**RESPONSE TO REQUEST NO. 2:**




**DOCUMENT REQUEST NO. 3:**

To the extent not covered by the first two requests, produce all documents Element referenced or received related to the SIAB inflators, including but not limited to, notes, photos, testing documents and results, draft reports, reports, root cause analyses, recommendations, and

payment.

**RESPONSE TO REQUEST NO. 3:**

**DOCUMENT REQUEST NO. 4:**

Produce all communications between Element employees regarding the SIAB inflators, including but not limited to, proposed testing and methods, industry acceptable testing and methods, actual testing, photos, draft reports, reports, root cause analyses, recommendations, and payment.

**RESPONSE TO REQUEST NO. 4:**

**DOCUMENT REQUEST NO. 5:**

Produce all communications between Element and Takata regarding the SIAB inflators, including but not limited to, proposed testing and methods, industry acceptable testing and methods, actual testing, photos, draft reports, reports, root cause analyses, recommendations, and payment.

**RESPONSE TO REQUEST NO. 5:**

**DOCUMENT REQUEST NO. 6:**

Produce all communications between Element and any other party regarding the SIAB inflators, including but not limited to, proposed testing and methods, industry acceptable testing

and methods, actual testing, photos, draft reports, reports, root cause analyses, recommendations and, payment.

**RESPONSE TO REQUEST NO. 6:**

**DOCUMENT REQUEST NO. 7:**

To the extent not covered by the preceding document requests, produce all communications between Element employees regarding Acuren's Report.

**RESPONSE TO REQUEST NO. 7:**

**DOCUMENT REQUEST NO. 8:**

To the extent not covered by the preceding document requests, produce all communications between Element and any other party (e.g. Takata, ARC) regarding Acuren's Report.

**RESPONSE TO REQUEST NO. 8:**

## CERTIFICATE OF SERVICE

I, Ian Connor Bifferato, hereby certify that on this 21st day of January 2020, a true and correct copy of the foregoing was caused to be served on the following via electronic mail and first class mail:

Kathleen M. Miller
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, DE 19801
kmiller@skjlaw.com

*/s/ Ian Connor Bifferato*
Ian Connor Bifferato (DE 3273)