# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re  TK Holdings, Inc. et al.,
              Debtor

Case No. 17-11375-BLS

*(Complete if issued in an adversary proceeding)*

Chapter 11

Reorganized TK Holdings Trust,
              Plaintiff
              v.

ARC Automotive, Inc.
              Defendant

Adv. Proc. No. 19-50266-BLS

## *AMENDED* SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Timothy Dooley, 4928 Lonesome Oak Trl., Fort Wayne, IN 46845-9106

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Join Zoom Meeting: https://us02web.zoom.us/j/89305141914?pwd=ZmhFSzUwME9jejlTdWUxTVhBS1o4QT09; Meeting ID: 893 0514 1914; Passcode: 213956 | 01/13/2021 at 9:00 am or such other time as agreed to by the parties. |

You will need to log into this Zoom call on a computer with a camera. If you do not have access to a computer with a camera, please contact Kelly Green as soon as possible so alternative arrangements can be made.

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Addendum - Produce documents on January 8, 2021, to 1000 West Street, Suite 1501, Wilmington, DE 19801

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/14/2020

              CLERK OF COURT

                            OR

_____      /s/ Kelly A. Green
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Reorganized TK Holdings Trust, who issues or requests this subpoena, are:
Kelly A. Green (#4095), 1000 West Street, Suite 1501, Wilmington, DE 19801, kag@skjlaw.com, 302-652-8400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# RETURN OF SERVICE

UNITED STATES BANKRUPTCY COURT
District of Delaware

Case Number: 17-11375-BLS

**REORGANIZED TK HOLDINGS TRUST**

vs.

Defendant:
**ARC AUTOMOTICE INC**


LSM2020003683

For:
Kelly A Green, Esq.
SMITH KATZENSTEIN & JENKINS LLP
The Brandywine Building
1000 West Street, Suite 1501
Wilmington, DE 19801

Received by Express Legal Services, Inc. on the 14th day of December, 2020 at 3:07 pm to be served on **TIMOTHY DOOLEY, 4928 LONESOME OAK TRAIL, FORT WAYNE, IN 46845-9106**.

I, Dawn Griffin-Luce, do hereby affirm that on the **16th day of December, 2020** at **9:39 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE** to: **TIMOTHY DOOLEY** at the address of: **4928 LONESOME OAK TRAIL, FORT WAYNE, IN 46845-9106**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 64, Sex: M, Race/Skin Color: White, Height: 6'2", Weight: 190, Hair: Grey, Glasses: Y

I declare under penalty of perjury under the laws of the United States of America that I am over the age of 18, have no interest in the foregoing matter and the foregoing is true and correct.

_____
**Dawn Griffin-Luce**

12/16/2020
**Date**

Express Legal Services, Inc.
102 Granby Dr
Suite 103
Indianapolis, IN 46229
(317) 622-2373

Our Job Serial Number: LSM-2020003683

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1z

# ADDENDUM TO SUBPOENA

## DEFINITIONS

1. The term "Document" shall refer broadly to any and all writings or records of any type of description that are or have been in Your possession, custody or control or of which You have knowledge, including, but not limited to, analyses, audio and video recordings, books and records, correspondence, memoranda, notes, photographs, reports, transcripts or notations of any sort of conversation, or any other reported, recorded, printed, written, or graphic material in whatever form, including original and all non-identical copies, different from the original by reason of any notation made on such copies or otherwise, however produced or reproduced. "Document" also refers to any other data compilations from which information can be obtained and translated, if necessary, through computers or detection devices into reasonably usable form.

2. "Airbag Inflators" shall mean certain side impact airbag inflators supplied by ARC to TK Holdings for use in General Motors vehicles.

3. "ARC" shall mean and refer to the ARC Automotive, Inc. located in Morgantown KY, the Defendant in this action, as well as its predecessors, successors, assignees, and affiliates.

4.  "GM" shall mean General Motors, as well as its predecessors, successors, assignees, and affiliates, the vehicle manufacturer that used the Airbag Inflators in its Malibu vehicles.

5.  "Allegiant" shall mean Allegiant International, LLC, as well as its successors and affiliates, including Belcan, LLC, the consulting firm that monitored the welding process at ARC Automotive plant in Morgantown, Kentucky.

6.  The terms "You," Your," and "Dooley" shall mean Timothy Dooley, the individual to whom this subpoena is addressed

7.  Unless otherwise stated, the "Relevant Period" means between January 1, 2016 and July 30, 2016.

8.  "TK Holdings" shall mean and refer to TK Holdings, Inc. as well as its predecessors, successors, assignees, and affiliates.

9.  The terms "and," "or," "any," "all," "each," and "every" shall be construed either disjunctively and conjunctively and as otherwise necessary to bring within the scope of the term as used all information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS FOR PRODUCTION

A.  These Requests specifically seek the production of electronically stored information ("ESI") in native electronic form, including all metadata associated with the ESI.

B. These Requests seek documents that are in Your possession, custody or control and the possession, custody or control of any of Your employees, agents, representatives, accountants and/or attorneys.

C. Each and every document requested should be produced in its entirety, without abbreviation or expurgation or "scrubbing" and should include all attachments or other matters affixed to such document. If any metadata has been scrubbed, altered or otherwise removed from the native files, identify those files and state the reason for the removal or alteration of the metadata.

D. This Subpoena seeks production of every version of the documents requested, including, but not limited to, copies of the documents with annotation or red-lining, additional attachments, indications of carbon copies, blind carbon copies or distribution lists and drafts and revisions of the documents.

E. If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for any inability to produce the remainder and stating whatever information, knowledge or belief You have concerning the unproduced portion.

F. If any requested document is withheld under a claim of privilege, identify in writing on or before the date of production the following with respect to each document:

    i. the nature of the document (i.e. letter, memorandum, etc.);

      ii.    the date of the document;

     iii.    the subject matter of the document;

     iv.    the type of privilege asserted;

      v.    the factual basis for the claim of privilege;

     vi.    the document request to which the document is responsive;

     vii.    the author of the document;

    viii.    the author's title or position;

     ix.    the recipient of the document;

      x.    the recipient's title or position; and

     xi.    the document designation number(s) assigned to the document containing the information for purposes of the present action.

G.    All documents produced in response to this Subpoena must be produced in an orderly manner and with appropriate markings or other identification so that the recipient will be able to identify the source of the document, the file in which it was maintained and the person or entity to whom such file belonged.

H.    When a defined term or word is used in this Subpoena, each part of the definition is incorporated therein.

I.    Nothing set forth in this Subpoena should be construed as an admission as to any legal or factual matter in dispute between the parties.

## DOCUMENT REQUESTS

1. Contract or engagement agreement with Allegiant or GM relating to services performed at, or concerning, ARC.

2. Documents sufficient to show the scope and manner of work to be performed with respect to ARC.

3. Documents prepared or received by You or Allergiant relating to ARC, including notes, reports, memorandum, summaries, emails, charts, spreadsheets, shift reports, ship plans, hourly counts, recommended actions, action trackers, from visits to, or observations at, ARC's Morgantown KY plant, or review or observation of any of ARC's processes.

4. Documents sent to, and communications with, Allegiant regarding ARC.

5. Documents sent to, and communications with, GM regarding ARC.

6. Documents sent to, and communications with, TK Holdings regarding ARC.

7. Communications with ARC.